**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANK E. BOWLES,                )<br>          Plaintiff,             )<br>                                 )<br>vs.                              )<br>                                 )<br>MANDALAY BAY RESORT & CASINO,   )<br>                                 )<br>          Defendants.            )<br>_____) | Case No. 2:14-cv-01661-RFB-CWH<br><br>**ORDER** |

This matter is before the court on Plaintiff Frank E. Bowles Renewed Motion/Application to Proceed *In Forma Pauperis* (#3), filed October 30, 2014.

**1. In Forma Pauperis Application**

Plaintiff's original motion/application to proceed *in forma pauperis* was denied without prejudice for failure to complete the IFP form. *See* Order (#2). Plaintiff's renewed application is complete and demonstrates, as required under 28 U.S.C. § 1915(a), that he us unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted.

**2. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additional screen a complaint pursuant to 28 U.S.C. § 1915(a). Federal courts are given the authority to dismiss a case is the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). In determining if a complaint is

frivolous, the Court need not accept the allegations as true, but "pierce the veil of the complaint's factual allegations" to determine the truth. *Neitske*, 490 U.S. at 327. Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under section 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America,* 232 F.3d 719, 723 (9th Cir.2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal,* 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "[1]federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's complaint is not a model of clarity, but it appears he is alleging that Defendant retaliated against him in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. To state a *prima facie* claim for retaliation in violation of Title VII, Plaintiff must allege: (1) that he committed a protected act, such as complaining about discriminatory practices, (2) that he suffered some sort of an adverse employment action, and (3) that there is a causal connection between the protect act and the adverse act. *E.g. Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Here, Plaintiff alleges that, *inter alia*, he was terminated due to a prior grievance he made. *See* Compl. (#1-1) at 1:12 - 2:3. Plaintiff has, therefore, stated a retaliation claim against Defendant Madalay Bay Resort & Casino.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Renewed Motion/Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint and shall issue Summons to Defendant Mandalay Bay Resort & Casino, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Mandalay Bay Resort & Casino was served. If Defendant remains unserved and

---

[1] Because Plaintiff states a retaliation claim, the Court does not address whether additional aspects of the complaint are actionable. *See Hall v. Smart & Final, Inc.*, 2014 WL 6064521, n. 1 (D. Nev.) (citation omitted). Nothing in this order precludes Defendant from filing a motion to dismiss any of the claims, including the retaliation claim, brought by Plaintiff.

1  Plaintiff wishes to have service again attempted, a motion must be filed with the Court identifying
2  Mandalay Bay Resort & Casino as an unserved defendant and specifying a more detailed name and/or
3  address for it, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of
4  the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this
5  order is entered.

6  **IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon
7  Defendant Mandalay Bay Resort & Casino, or, if appearance has been entered by counsel, upon the
8  attorney(s), a copy of every pleading, motion or other document submitted for consideration to the
9  Court.  Plaintiff shall include with the original papers submitted for filing a certificate of service.  The
10 Court may disregard any paper received by a District Judge or Magistrate Judge which has not been
11 filed with the Clerk or does not include a certificate of service.
12     Dated: December 16, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge